UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRESTON G. DEMOUCHETTE JR. (#90331)

VERSUS

JAMES LEBLANC, ET AL

CIVIL ACTION

NUMBER 14-370-SDD-SCR

<u>RULING</u>

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action presumably pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Sheryl Ranatza, Tessie Cooley and M. Strickland. Plaintiff alleged that he was denied parole eligibility in violation of his constitutional rights.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the

Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id.* Dismissals include only those for which appeal has been exhausted or waived. *Id.* However, dismissals later reversed are not to be counted as a strike. *Id.* By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id.*

Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 was denied because on three prior occasions during detention, the plaintiff brought an action that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.[1]

On June 16, 2014, the plaintiff was granted 21 days from the date of the order to pay the court's filing fee in the amount of $400.00. Plaintiff filed Objections to Court-Costs, which was treated as an appeal of the order denying in forma pauperis

---

[1] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury. Plaintiff's claims do not fall under the exception.

status.[2] The motion was denied.[3]

A review of the record showed that more than 21 days has elapsed and the plaintiff failed to pay the filing fee. Despite clear notice that he must pay the full filing fee and ample time to do so, the plaintiff has failed to pay the filing fee. Therefore, the plaintiff's § 1983 complaint shall be dismissed.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, August ___5TH___, 2014.

*signature: Shelly D. Dick*

SHELLY D. DICK
UNITED STATES DISTRICT JUDGE

---

[2] Record document number 4.

[3] *Id.*